IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUEZ DADE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-02815-C (BT) |
| | § | |
| MICHAEL CHITTY, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jacquez Dade, a state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983 for alleged violations of his civil rights. The Court granted Dade leave to proceed *in forma pauperis*, but withheld issuance of process pending judicial screening. For the following reasons, the Court should dismiss the complaint.

I.

Dade brings this action against Kaufman County District Court Judge Michael Chitty, defense attorney Ronald Herrington, and Terrell Police Officer Jason Tidwell. He claims Officer Tidwell unlawfully stopped and searched his vehicle. As a result of the stop and search, Dade was convicted of theft of a firearm and unlawful possession of a firearm. He claims Judge Chitty "made judgments without proper conclusion," instigated an attorney-

1

client conflict, misused his authority, and aided and abetted an organized crime ring in presiding over his trial. (ECF No. 10 at 1.) He further claims his defense attorney, Ronald Herrington, provided ineffective assistance of counsel, refused to communicate with him, and threatened him to obtain a guilty plea. He requests money damages, release from prison, housing and job assistance, and that his criminal records be sealed.

## II.

Dade's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

2

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.

A.  <u>Dade's claims against Judge Chitty are barred by judicial immunity.</u>

Dade sues Judge Chitty for actions Judge Chitty took while presiding over his criminal case. Judges, however, have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). Dade has failed to allege facts showing that Judge Chitty acted outside the scope of his jurisdiction. Dade's claims against Judge Chitty should be dismissed.

B.  <u>Defendant Ronald Herrington is not a state actor under § 1983</u>.

Dade alleges defense attorney Ronald Herrington provided ineffective assistance of counsel and threatened him to obtain a guilty plea. Defense attorneys, however, are not "state actors" and cannot be sued under 42 U.S.C.

3

§ 1983. *See Mills v. Criminal Dist. Court. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Eaves v. Texas*, 427 Fed. Appx. 378, 379 (5th Cir. 2011). Dade's claims against Defendant Herrington should be dismissed.

C.  <u>Dade's claims against Officer Tidwell are barred under *Heck v. Humphrey.*</u>

Dade's claims against Officer Tidwell are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 486-87 (footnote omitted). Here, Dade claims Office Tidwell illegally stopped and searched his vehicle, which caused him to be charged with unlawful possession of a firearm and theft of a firearm. These claims necessarily imply the invalidity of his conviction. He states, however, that his conviction has not been reversed or otherwise declared invalid. (*See* ECF No. 10 at 3.) Dade's claims against Officer Tidwell should therefore be dismissed

with prejudice until he can show he satisfies the conditions set forth in *Heck*. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam) (stating dismissal should be with prejudice until *Heck* conditions are met).

IV.

The Court recommends that Dade's claims against Judge Chitty and Ronald Herrington be dismissed under 28 U.S.C. §§ 1915A and 1915(e) and that his claims against Officer Tidwell be dismissed with prejudice until the *Heck v. Humphrey*, 512 U.S. 477 (1994), conditions are met.

Signed March 23, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).